IN THE MATTER OF THE ASSIGNMENT OF ANSON C. ALLEN AND OTHERS COMPOSING THE FIRM OF ALLEN, STRAUSS & CO.

PETITION OF ISAAC FENNO AND OTHERS.

PETITION OF W. W. PARSELLS, ASSIGNEE.

*Composition under the United States bankrupt act — when it does not relieve a general assignee from accounting to the creditors.*

When, after a debtor has made a general assignment for the benefit of his creditors, he is declared a bankrupt in involuntary proceedings instituted against him in a United States District Court, the mere fact that a composition with his creditors is thereafter made, as provided in the bankrupt act, does not relieve the assignee, acting under the general assignment from accounting to the creditors for the property received by him, unless the creditors have in some way relinquished their right to such an accounting, or the District Court has ordered the assignee to return the property to the bankrupt.

APPEAL from an order or decree of the County Court of Monroe county discharging William W. Parsells, as assignee of Allen, Strauss & Co., from liability as such assignee, and authorizing him to release the assets to the assignors.

*Fanning & Williams*, for the creditors, appellants.

*J. & Q. Van Voorhis*, for Parsells, assignee, respondent.

TALCOTT, P. J.:

This is an appeal from an order made under section 22 of chapter 466 of the Laws of 1877, as amended by chapter 318 of the Laws of 1878, entitled "an act in relation to assignments of the estates of debtors for the benefit of creditors."

On the 15th day of August, 1877, Allen, Strauss & Co., who had been engaged in the clothing business at Rochester, made a general assignment of all their estates to W. W. Parsells for the benefit of their creditors, providing for an equal *pro rata* distribution to and among them without any preferences. Parsells accepted the trust, qualified and entered upon the discharge of his duties under the assignment. He has received and still holds assets as such assignee amounting to $8,528.89, less expenses and commissions. On the 21st of August, 1877, proceedings in involuntary bankruptcy were commenced against said Allen, Strauss & Co., apparently upon the ground that such assignment to Parsells was an act of bankruptcy, and they were decreed to be bankrupts by the District Court of the United States for the northern district of New York.

Prior to the 7th of January, 1878, the said Allen, Strauss & Co., filed their petition in the said District Court for the composition of their debts in the manner directed by the seventeenth section of the amended bankrupt act, approved June 22, 1874. No assignee was ever appointed in the said bankruptcy proceedings. But the fact of the said assignment to Parsells, it appears, was brought to the notice of the said Court in Bankruptcy by the petitioning creditors to the County Court in this case, who, as it appears, claimed in the Bankruptcy Court, that the assets assigned to Parsells, should be administered and applied by the said Parsells in pursuance of his trust.

Parsells did not appear in the Court in Bankruptcy and took no part in the proceedings in that court. Several meetings of the creditors were held under the said seventeenth section of the amended bankrupt law of 1874. But no proceedings were ever taken in the Bankruptcy Court or otherwise, to have the assignment to Parsells set aside, and the proposition of Allen, Strauss & Co., for a composition was finally accepted by the requisite number and amount in value of their creditors as prescribed in the said seventeenth section of the amended bankrupt act. The proposition

of Allen, Strauss & Co., which is not specially set forth in the papers in this case, as is inferable from a statement contained in the papers, was to pay to all their creditors thirty per cent of their debts, which proposition is inferred to have been in the language of said seventeenth section of the amended act, that the composition proposed should be accepted by the creditors *"in satisfaction of the debts due to them from the debtor."* The proposition having been accepted by the requisite number of the creditors in amount and value, was approved by the Court in Bankruptcy and duly recorded as provided by said seventeenth section, and the thirty per cent provided for in the composition was duly paid to the creditors, and the petitioning creditors in this case received and accepted the dividend of thirty *per cent* offered by the said proposed composition.

Afterwards certain of the creditors filed their petition in this matter addressed to the County Court of Monroe county, alleging that Parsells had never accounted in relation to his trust, either in the Bankruptcy Court or elsewhere, and praying that a citation be issued to the said Parsells as such assignee, to show cause why he should not account for the money which came to his hands as such assignee. On the return day of the citation to Parsells he appeared by attorney and filed his petition addressed to the County Court of Monroe county, setting forth the history of the proceedings in bankruptcy and the making and acceptance of the composition, also setting forth a partial account, showing a balance of $7,935.89 in his hands as such assignee, and praying that he may be authorized to release to the assignors the assets so assigned, and that his account be settled and he be discharged from his said trust; whereupon a citation was issued to all parties interested in the assigned property as creditors or otherwise, which citation having been duly served, the petition of the creditors and of Parsells came on to be heard at the same time before the said County Court, which afterwards, on the 20th day of January, 1879, made an order, judgment and decree, whereby, after reciting in substance the foregoing facts, it ordered, adjudged and decreed that the said assignee, Parsells, be discharged from all further liability to the compounding creditors of the assignors, and that said assignee be authorized to release the assets in his hands to the said assignors. From which order and decree of the County Court the petitioning creditors appeal to this court.

This brings up a question as to the effect of a composition in bankruptcy, as provided for by the seventeenth section of the amended law, which cannot be solved by the express provisions of the section.

It is to be noticed, however, that the thing provided for is a " composition " of the debts of a bankrupt ; and it is provided that the creditors may resolve " that a composition proposed by the debtor shall be accepted in satisfaction of the debts due to them from the debtor." The creditors therefore are presumed to have accepted the composition proposed by the debtor in " *satisfaction of the debts due to them from the creditors,*" as the act makes no provision for an acceptance of the proposition except in satisfaction of the debts. The statute, section 17 (ch. 390 of 1874), also contains the further provision, viz. : " Every such composition shall, subject to priorities declared in said act, provide for a *pro rata* payment or satisfaction in money to the creditors of such debtor in proportion to the amount of their unsecured debts, or their debts in respect to which any such security shall have been duly surrendered and given up." There is nothing in· the case before us to show whether the Court in Bankruptcy considered and treated this assignment to Parsells as a partial security to the creditors or not, or whether, in the proceedings in bankruptcy, the creditors proved their debts as provided by the bankrupt law or not, or if they did prove them, whether they proved for the whole face of the debt, or what deduction was made, if any, on account of the assigned property.

Section 5075 of the bankrupt law (U. S. Rev. Stat.) provides as follows, viz. : " When a creditor has a mortgage or pledge of real or personal property of the bankrupt, *or a lien thereon for securing the payment of a debt*, owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt after deducting the value of such property to be ascertained," etc.

The priorities specified in that part of section 17 above quoted are supposed to be those specially provided for in section 5101 (U. S. Rev. Stat.), and, therefore, do not embrace, so far as appears, any of the debts due to the petitioning creditors in this case. But the question still remains whether by virtue of the assignment creating a trust for their benefit, the creditors did not have a lien upon the estate assigned to Parsells for the security of their debts *pro tanto.*

Equitable liens are supposed to be as much within the statute as legal liens, unless there is some prohibition in the State laws which renders them invalid. (*Parker* v. *Muggridge*, 2 Story, 334; *Fletcher* v. *Morey*, id., 555; *Peck* v. *Jenness*, 7 How., 612; *Davis, Assignee, etc.*, 2 Bank. Reg., 392 [1st ed., 125].)

The assignment to Parsells was not void under the laws of the State *per se* (*Haas* v. *O'Brien*, 66 N. Y., 597), whether it would have been held to be void in an action commenced by an assignee in bankruptcy to have it set aside, or could have been decreed to be void by any proceeding in the Bankrupt Court on the ground that such assignment was in hostility to the bankrupt law and tended to defeat that law, because providing for the administration of the assets by a different agency from that prescribed by the bankrupt law. (*See Mayer et al.* v. *Hellman*, 91 U. S. [1 Otto], 496.)

If a composition under the bankrupt law has been duly ratified, it confines the creditor to his security and discharges the debtor from liability. (*In re Lytle*, 14 Natl. Bank Reg., 457.) But it has been held in many cases that the creditor can pursue any collateral remedies for the collection of his debt. (*Haas* v. *O'Brien*, 66 N. Y., 597; *Thrasher* v. *Bentley*, 59 N. Y., 649.)

In a proceeding before the New York Common Pleas, in a case where the debtor had made a composition in bankruptcy, an assignee was, on the petition of creditors, ordered to account, notwithstanding such composition, it not appearing that he had delivered the assigned estate to the assignors, with the approval of the Bankrupt Court. (*In the Matter of Herman*, 53 How. Pr. R., 377.) As it does not appear whether the proposition for a composition embraced as a part of it that the security which the creditors already held by and under the assignment to Parsells should be relinquished, and does not appear whether the petitioning creditors in proving their debts made any deduction from their face on account of any security they had by virtue of the assignment to Parsells, and especially as it does not appear whether the Bankrupt Court in approving of the composition took into consideration the amount to be realized from the assigned property, or estimated that as a part of the thirty *per cent* which was to be paid by the composition and was agreed to be accepted in satisfaction, or whether the proposition for a composition provided that the security to which the creditors were equitably

entitled under the assignment should be relinquished, and as it does not appear that the Bankrupt Court has authorized Parsells to deliver back the assigned property to the assignors, we think the County Court erred in refusing the application of the petitioning creditors, and releasing the assignee Parsells from his liability to account to his *cestui que trusts*, and in authorizing him to deliver back to the assignors the assigned estate. In other words, we think the right of the creditors to an accounting by the assignee cannot be divested by the mere fact of a composition in bankruptcy, unless that right is in some way relinquished by the creditors, or shall be divested by the order of the Court in Bankruptcy, as when a composition has been made and accepted and the terms of the composition have been complied with, the Bankruptcy Court will order the property in the hands of the assignee in bankruptcy to be surrendered to the bankrupt.

The order, judgment and decree of the County Court of Monroe county appealed from is reversed, with costs to the appellants to be paid out of the trust funds, and the assignee W. W. Parsells is ordered to account as prayed for in the petition in behalf of Fenno and others, creditors of Allen, Strauss & Co., in the County Court, to which court the proceedings are remitted.